IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | I.D. No. 0612001862 |
| v. | : | |
| | : | |
| THOMAS F. KANE, JR., | : | |
| | : | |
| Defendant. | : | |

Submitted: October 7, 2020
Decided: October 15, 2020

**ORDER**

Upon Defendant's Motion to Vacate the
Guilty But Mentally Ill Plea Under
Delaware Contract Law
*Summarily Dismissed.*

Thomas F. Kane, Jr., *pro se.*

Dennis Kelleher, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

WITHAM, R.J.

Upon consideration of Defendant's Motion to Vacate the Guilty But Mentally Ill Plea Under Delaware's Contract Law, the State's response and the record in this matter, it appears to the Court that:

1. The Defendant, Thomas F. Kane, Jr., ("Kane") was arrested in December 2006 and charged with capital murder in the stabbing death of his wife. He pled guilty but mentally ill in 2008 to Murder in the First Degree and related offenses. In exchange for his plea, Kane avoided a possible death sentence and the state dismissed ten other charges. This Court sentenced Kane to life imprisonment under 11 *Del C.* § 4209(a), plus a term of twenty-seven years. No direct appeal was taken. Kane filed a motion for post conviction relief which this Court denied. The Supreme Court affirmed that judgment on appeal.[1]

2. Kane has filed a succession of unsuccessful Rule 61 postconviction relief motions and a motion to reopen his criminal conviction and sentence under Rule 60(b).

3. It appears that Kane seeks to vacate his plea because he claims that there is no way to determine if he was competent to enter a plea of Guilty but Mentally Ill because the Court did not conduct a 11 Del C. 408(a) hearing which was a breach of contract assuming that the plea bargaining process is governed by civil contract principles.

4. The State sets forth in its response to Kane's motion that principles of contract law may apply to the plea bargain process, such as the covenant of good faith and fair dealing, but there is no factual basis that the defense nor the State acted in bad faith and fair dealing in this case.[2]

5. It is also clear that Superior Court Criminal Rule 61 is the sole basis to attack

---

[1] Kane v State, 2016 WL 1165949 (Del. Mar. 17, 2016).

[2] Cole v State, 922 A.2d 354, 359 (Del. 2005).

one's conviction. This rule governs any application by a person in custody under a sentence of this Court seeking to set aside the judgment of conviction or a sentence of death on the ground that the Court lacked jurisdiction or on any ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or capital sentence. See Superior Court Criminal Rule 61(a)(1).

6. To the extent that Kane seeks to avoid the procedural requirements of Rule 61, he must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[3] He may do so by pleading with particularity that new evidence exists that creates a strong inference that he is actually innocent,[4] or by pleading with particularity a claim that a new retroactive rule of constitutional law applies to his case and renders his conviction invalid.[5] Kane has failed to assert any claims to meet either requirement.

Therefore this Motion, disguised as a Rule 35 motion, is untimely, successive, procedurally defaulted and must be SUMMARILY DISMISSED.

IT IS SO ORDERED.

_____
William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Thomas F. Kane, Jr., JTVCC
       Dennis Kelleher, Esquire

---

[3] Super Ct. Crim. R. 61(i)(5).

[4] Super Ct. Crim. R. 61(d)(2)(i).

[5] Super Ct. Crim. R. 61(d)(2)(ii).